UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATHAN JAVIER LOBO VIZCAINO (A-235-493-212),<br>Petitioner,<br>v.<br>WARDEN, California City Detention Facility,<br>Respondent. | No. 2:26-cv-01051 DJC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jhonathan Javier Lobo Vizcaino (A-235-493-212), a native and citizen of Venezuela who is proceeding with appointed counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner previously sought a petition for writ of habeas corpus 28 U.S.C. § 2241, which this district court granted, ordering respondent to provide petitioner a constitutionally adequate bond hearing before an immigration judge ("IJ") within five (5) days. Petitioner was denied bond. This habeas action concerns petitioner's ongoing detention and the constitutional adequacy of the previously ordered bond hearing. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondent to provide petitioner a new bond hearing.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## II. PROCEDURAL BACKGROUND

Petitioner filed his first habeas petition on February 23, 2026. Lobo Vizcaino v. Warden ("Lobo Vizcaino I"), No. 2:26-cv-00542-DJC-CSK (ECF No. 1.)[2] On February 26, 2026, the district court granted the petition and ordered respondent to provide petitioner with "a constitutionally adequate bond hearing before an Immigration Judge." Lobo Vizcaino I, No. 2:26-cv-00542-DJC-CSK (ECF No. 9).

On March 3, 2026, petitioner received a bond hearing. (ECF No. 14 at 2.) At that hearing, the immigration judge denied bond, finding that petitioner was a danger to the community and flight risk. (ECF No. 14-1.) Petitioner appealed that decision, which remains pending with the Board of Immigration Appeals ("BIA"). (ECF No. 14 at 1.)

On March 23, 2026, petitioner filed the instant petition and a motion for a temporary restraining order. (ECF No. 1 at 5; ECF No. 2 at 1.) Petitioner alleges that respondent violated due process because it did not provide him with a constitutionally adequate bond hearing, in part, because of lack of notice about the hearing and being given no opportunity to confront adverse evidence. (See id.) On April 1, 2026, the district court related the instant action to the previous action. (ECF No. 7.) On April 2, 2026, the district court appointed counsel. (ECF No. 8.) On April 23, 2026, appointed counsel filed a timely brief. (ECF No. 11.) On April 27, 2026, the district court denied the motion for a temporary restraining order, concluding that "[a]t this time with the evidence presently before it, the Court cannot find that Petitioner has a likelihood of success on the merits." (ECF No. 12.) The district judge referred the matter to the assigned magistrate judge for all further proceedings. (ECF No. 12.)

On May 11, respondent filed a timely response. (ECF No. 14.) Petitioner filed a traverse. (ECF No. 15.). On August 25, 2026, petitioner filed a request for issuance of a decision. (ECF No. 16.). On October 7, 2026, in response to the Court's order, respondent filed an audio recording of the bond hearing and additional bond hearing records. (ECF Nos. 17, 18, & 19.)

[2] To avoid confusion, all citations to the previous action will include the full case number. All standalone citations to the docket (e.g. "(ECF No. 1)") refer instead to the present action. The Court assumes the parties are familiar with the factual background of this case from the previous petition.

Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges that (1) the March 3, 2026 bond hearing violates the Fifth Amendment procedural due process clause; and (2) his ongoing detention is prolonged and violates the Fifth Amendment procedural due process clause. (ECF No. 1 at 5-7.) Respondent argues that petitioner did not exhaust administrative remedies and has not proven a due process violation occurred. (ECF No. 14 at 3-5.)

The record currently before the court with the bond hearing recording and related records is different than the record before the district judge on the motion for a temporary restraining order, and petitioner has also raised arguments from his petition at the merits stage that were not raised in the motion. (See ECF No. 11 (not raising inadequate notice or failure to receive evidence presented by the government at the bond hearing); Docket.)

### A. Exhaustion

Respondent argues that the petition should be dismissed because petitioner has not

exhausted his administrative remedies.[3] (ECF No. 14 at 3.) Petitioner argues that exhaustion is not required and should be waived because it would be futile. (ECF No. 15 at 3-7.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The Court concludes that the prudential exhaustion requirement should be waived because the appeal to the BIA would be futile. Vasquez-Rodriguez v. Garland, 7 F.4th 888, 895 (9th Cir.

---

[3] Respondent also argues that the petition should be treated as a motion to enforce. (ECF No. 14 at 2-3). This Court has jurisdiction to enforce its own orders. See Sub-Zero, Inv. v. Wasserman, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); see also Agtuca v. Reed, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Even if treated as a motion to enforce, this Court recommends granting the motion for the same reasons explained herein.

2021) (quoting Carr v. Saul, 141 S. Ct. 1352, 1361 (2021) ("Futility is a traditional exception to judicially created exhaustion requirements because '[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested.'"). As respondent notes, petitioner appealed the immigration judge's March 3, 2026 decision to the BIA on March 24, 2026. (ECF No. 14 at 2.) To date, over six months later, there is no indication that the BIA has issued a decision and respondent has provided no explanation for the delay. (See ECF No. 14.) Given the circumstances, the Court finds that requiring administrative exhaustion is inadequate, petitioner's ongoing detention without a constitutionally adequate bond hearing constitutes irreparable harm, and continuing to wait for an appeals decision would be futile. Accordingly, the Court finds the prudential exhaustion requirement should be waived.

**B. Due Process Claim**

Petitioner argues that the March 3, 2026 bond hearing was not constitutionally adequate and therefore violates procedural due process pursuant to the Fifth Amendment. (ECF No. 1 at 5-6.) Respondent argues that the bond hearing did not violate due process. (ECF No. 14 at 4-5).

First, petitioner claims that he did not receive advance notice of the March 3, 2026 hearing. (ECF No. 1 at 5; ECF No. 2 at 2; ECF No. 15 at 10.). Respondents acknowledge that the bond hearing "was set with short notice" but contends that on March 2, 2026, petitioner received notice of the scheduled bond hearing for the following day. (ECF No. 14 at 2; ECF No. 14-1 at 17). Respondents' contention is not supported by their records. The notice for the March 3, 2026 bond hearing that respondents submitted is not dated. (ECF 14-1 at 17). The certificate of service indicates that it was electronically served "c/o Custodial Officer" with a date of March 2, 2026, not that petitioner was served with the notice. (Id.) Respondents have not provided any other evidence to support their claim. (See ECF No. 14). Critically, petitioner told the immigration judge at the beginning of the bond hearing that the hearing took him by surprise, he was not prepared, and he did not have his documents to submit. (ECF No. 17 at 3:44.). The immigration judge told petitioner that they needed to proceed that day to comply with this district court's order, and did not ask any follow-up questions, including whether petitioner received any records submitted by the government for the bond hearing, or provide an opportunity to

reschedule. (Id.) Respondents have not addressed this. (See ECF Nos. 14, 17, 18.).

Thus, the record does not support that petitioner had sufficient notice of the bond hearing, which prejudiced petitioner by impeding his right to submit evidence and be represented by counsel. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022). As other courts have found, lack of notice of the immigration hearing violates due process and relevant regulations. See Muzahir v. Chestnut, No. 1:26-cv-02246-DJC-CSK, 2026 WL 1283414, at *1 (E.D. Cal. May 11, 2026) ("By failing to provide adequate notice, Respondents did not give Petitioner any opportunity to identify and contact counsel to represent him at the bond hearing. This Court's prior order did not provide Petitioner with the required notice as Petitioner is pro se and may not yet have received the mailed notice of the order."); contrast Chauhan v. Warden, No. 1:26-cv-03794-VC, 2026 WL 2949206, at *3 (E.D. Cal. Oct. 10, 2026) (rejecting inadequate notice argument where the immigration judge provided petitioner multiple opportunities to reschedule bond hearing and ensured that petitioner wanted to proceed) with id.; see also Romualdo P.M. v. U.S. Att'y. Gen., No. 1:26-cv-02882-RLP, 2026 WL 2906860 (E.D. Cal. Sep. 28, 2026) (granting motion to enforce and ordering a second bond hearing where petitioner did not receive advance notice of first bond hearing); 8 C.F.R. § 1001.1(ee)[4]; Khan v. Ashcroft, 374 F.3d 825, 829 (9th Cir. 2004); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.").

Second, petitioner claims that he was denied a meaningful opportunity to be heard, in part, because he was not able to confront adverse evidence. (ECF No. at 5). Respondents have not responded to this allegation, and their failure to respond is interpreted as a concession. (See ECF Nos. 14). At the bond hearing, the Department of Homeland Security ("DHS") told the immigration judge that they had uploaded a Form I-213 but they were unsure if it was still pending. (ECF No. 17 at 6:00). The immigration judge confirmed that it was accepted into the

[4] "The term *service* means physically presenting, mailing, or electronically providing a document to the appropriate party or parties; except that an Order to Show Cause or Notice of Deportation Hearing shall be served in person to the alien, or by certified mail to the alien or the alien's attorney, and a Notice to Appear shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record." 8 C.F.R. § 1001.1(ee).

record but asked DHS to mail a copy to the petitioner because he was pro se. (Id.) The record before the court therefore indicates that petitioner did not receive a copy of the government's evidence before or even during the bond hearing. (See ECF No. 17.) The record does not contain any evidence to support finding that petitioner was provided with the Form I-213 DHS submitted as evidence to meet its burden of proof at the bond hearing. In addition, the I-213 was the only substantive evidence that DHS filed, and the immigration judge relied upon this during the bond hearing and in the immigration judge's bond decision. (See ECF No. 14-1 at 5-9; ECF No. 17.) Petitioner was not able to confront adverse evidence, which prejudiced him during his bond hearing. See Grigoryan v. Barr, 959 F.3d 1233, 1240 (9th Cir. 2020) (holding that immigration judge's admission of and reliance on a record of investigation prepared by DHS did not comport with constitutional due process where petitioners were not afforded a meaningful opportunity to rebut its allegation); Bondarenko v. Holder, 733 F.3d 899, 907 (9th Cir. 2013) (holding that the immigration judge violated petitioner's due process rights by not allowing him a continuance to investigate a report where the government did not provide a reasonable opportunity to petitioner to investigate the report). The Court therefore concludes that the March 3, 2026 bond hearing was not constitutionally adequate, in violation of procedural due process.

**D. Petitioner's Request for Issuance of a Decision**

Because the Court recommends granting the petition on the due process claim, the Court denies petitioner's request to issue a decision as moot. (ECF No. 16.)

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's due process claim.

Accordingly, IT IS HEREBY ORDERED that petitioner's request to issue a decision (ECF No. 16) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents be ordered to provide petitioner Jhonathan Javier Lobo Vizcaino (A-235-493-212) with a constitutionally adequate bond hearing before an immigration judge/

neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondent bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondent must provide notice to petitioner and if petitioner has counsel, also to petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released.

3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/lobo1051.imm.2241.bond/10